UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| DARNELL JENKINS,<br>**Plaintiff,**<br><br>v.<br><br>INSIGHT BEHAVIORAL HEALTH &<br>ADDICTION SOLUTIONS, INC. d/b/a<br>CLEAN<br>RECOVERY CENTERS.<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW, DARNELL JENKINS ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, INSIGHT BEHAVIORAL HEALTH & ADDICTION SOLUTIONS, INC. d/b/a CLEAN RECOVERY CENTERS ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Florida Private Whistleblower Act, § 448.101 et seq., Florida Statutes. Plaintiff brings this action to recover unpaid overtime wages and damages for unlawful retaliation following his good-faith complaints regarding wage violations and fraudulent practices. In support of this Complaint, Plaintiff alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, DARNELL JENKINS, is a resident of Manatee County, Florida.

2. Defendant is a Florida limited liability company operating a behavioral health facility in Hillsborough County, Florida.

1

3. Plaintiff was hired by Defendant in approximately March, 2024, to work primarily at Defendant's Hillsborough location.

4. The claims asserted herein arose in Hillsborough County.

5. Defendant employs more than 20 people and is an employer as contemplated by both the FLSA and §448.102, Fla. Stat.

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. Plaintiff, DARNELL JENKINS, is an individual residing in the State of Florida who was employed by Defendant at its Hillsborough location.

8. Plaintiff began working for Defendant on or about March, 2024, as a Behavioral Health Technician ("BHT").

9. Plaintiff was paid on an hourly basis and was non-exempt employee.

10. Plaintiff regularly worked full-time hours and overtime, despite being hired part-time.

11. Plaintiff's performance and dedication quickly earned him a reputation as a committed and capable employee. As a result, Senior Director Casie Hanks offered Plaintiff a full-time position with a pay increase from $18.00 per hour to $20.00 per hour.

12. Throughout his employment, Plaintiff performed his duties diligently and fostered strong professional relationships with clients receiving behavioral health services.

13. During his employment, Plaintiff observed that the facility routinely billed insurance providers for mental health services that were never rendered, constituting a pattern of fraudulent billing.

14. Plaintiff witnessed the deliberate falsification of patient medical records, particularly during Hurricane Helene, when staff were directed to backdate clinical documentation to falsely reflect services that had not been provided.

15. Plaintiff became aware that patients who questioned the accuracy or legitimacy of insurance charges were threatened with premature discharge, placing their recovery and mental well-being at serious risk.

16. Plaintiff also observed that numerous supervisory and leadership roles were awarded to individuals lacking proper qualifications or experience, often friends or former clients of management, demonstrating a consistent pattern of nepotism and favoritism.

17. Defendant's hiring and promotion practices were discriminatory, as they routinely favored individuals based on race, gender, or history of addiction recovery, to the detriment of qualified professionals such as himself.

18. Plaintiff was instructed, along with other staff members, to share confidential client login credentials with offshore contractors without obtaining the patients' written consent, in clear violation of privacy and confidentiality standards.

19. Plaintiff then complained to Defendant's human resources department about Defendant's violations of law, including falsifying medical records, fraudulent billings, and sharing confidential medical information without consent. Plaintiff's complaints were made in good faith to management and Human Resources.

20. Plaintiff also complained that he and other employees were required to work off the clock, without compensation. Despite his repeated requests, Defendant refused to compensate him for this off-the-clock work.

21. Plaintiff's complaints were made in good faith and were therefore protected

activities according to the FLSA and Florida's Private Whistleblower Act.

22. Rather than investigate or remedy these concerns, Defendant retaliated against Plaintiff by targeting him with hostility, undermining his work, and ultimately suspending him in October, 2024.

23. Then, in direct response to Plaintiff's good faith complaints, Defendant terminated Plaintiff.

24. Plaintiff had no prior disciplinary history.

25. Prior to Plaintiff's complaints, Defendant did not indicate that his performance was unsatisfactory or that his position was in danger of termination.

26. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to loss of income and emotional distress.

27. Plaintiff demands a trial by jury.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS (FLSA)

28. The allegations of paragraphs 1 through 28 as set forth above are re- alleged in full and incorporated herein by reference.

29. Plaintiff was employed by Defendant as a Behavioral Health Technician ("BHT").

30. Plaintiff was a non-exempt employee under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

31. Plaintiff regularly worked more than 40 hours per week but was not compensated at the required overtime rate.

4

32. Defendant failed to compensate Plaintiff at one-and-one-half times his regular rate of pay for overtime hours worked, in violation of 29 U.S.C. § 207(a).

33. Defendant failed, refused, and neglected to take Plaintiffs' complaints seriously.

34. This conduct was willful and in violation of 29 U.S.C. § 207.

35. Defendant's termination of Plaintiff's employment was an adverse action.

36. Plaintiff was damaged emotionally and financially as a result of Defendant's decision to terminate his employment.

**COUNT II**
**RETALIATION IN VIOLATION OF THE FLSA ACT 29 U.S.C. § 215(a)(3)**

37. The allegations of paragraphs 1 through 28 as set forth above are re-alleged in full and incorporated herein by reference.

38. Plaintiff was employed by Defendant as a Behavioral Health Technician ("BHT").

39. During his employment, Plaintiff engaged in protected activity under the FLSA when he complained internally to Defendant about unpaid wages and improper time deductions.

40. Plaintiff's complaints was made in good faith.

41. Defendant was aware of Plaintiff's protected complaints and perceived them as disruptive to its operations and exposure to liability.

42. Shortly after engaging in this protected activity, Plaintiff was suspended and then terminated by Defendant.

43. Defendant's adverse actions were causally connected to Plaintiff's protected

5

activity and were motivated by a retaliatory animus.

44. Thereafter, Defendant retaliated against Plaintiff by terminating his employment shortly after making these complaints, which constitutes a violation of 29 U.S.C. § 215(a)(3).

45. As a result of Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, and other damages.

## COUNT III
## VIOLATION OF FLORIDA WHISTLEBLOWER ACT § 448.102, FLA. STAT.

46. The allegations of paragraphs 1 through 28 as set forth above are re-alleged in full and incorporated herein by reference.

47. Plaintiff was employed by Defendant as a Behavioral Health Technician ("BHT").

48. During his employment, Plaintiff objected to and refused to participate in practices that were in violation of laws, rules, and regulations, including insurance fraud, falsification of medical records, and HIPAA violations.

49. Plaintiff complained about and objected to these practices to Defendant in good faith and through appropriate internal channels.

50. These reports constituted protected activity under § 448.102, Fla. Stat.

51. Defendant responded to Plaintiff's protected activity with adverse employment actions, including suspension and termination.

52. As a result of Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, and other damages.

## DEMAND FOR JURY TRIAL

**WHEREFORE,** Plaintiff requests an award of damages against Defendant including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as well as other such relief this Court deems proper.

RESPECTFULLY submitted this September 24, 2025.

*/S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Team@KyleLeeLaw.com
